IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PAUL J. FULLER<br>1339 W. Minor Rd<br>Mayfield Heights, OH 44124<br>      PLAINTIFF,<br><br>vs.<br><br>SMARTLAND LLC<br>35350 Curtis Blvd.<br>Eastlake, OH 44095<br>      DEFENDANT. | ) CASE NO.<br>)<br>)<br>) JUDGE<br>)<br>)<br>)<br>)<br>) **COMPLAINT**<br>)<br>)<br>) **(Jury Demand Endorsed Hereon)**<br>)<br>) |

Now comes Plaintiff Paul Fuller (hereinafter "Plaintiff"), by and through counsel, and for his Complaint against Defendant Smartland LLC (hereinafter "Defendant") states as follows:

## PARTIES

1. Plaintiff is a resident of Mayfield Heights, Cuyahoga County, Ohio.

2. Defendant is a real estate investment and property management company with its principal place of business in Eastlake, Lake County, Ohio.

3. The events giving rise to this matter occurred at 35350 Curtis Boulevard, Eastlake, Ohio 44095.

4. This Court has original jurisdiction over the claims in this Complaint pursuant to 28 USC §1331 by Title VII of the Civil Rights Act of 1964 and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendant because its principal place of business is in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 USC §1391(b)(1) and (2).

7. Plaintiff at all relevant times was employed by Defendant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Prior to filing this action, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2024-03029, alleging that Defendant had discriminated against him because of his disabilities and retaliated against him for reporting sexual harassment and discrimination faced by his coworker.

9. The EEOC issued Plaintiff a Right to Sue Notice on May 19, 2025.

10. A true and accurate of Plaintiff's Right to Sue Notice is attached hereto as **Exhibit A**.

11. Pursuant to 29 C.F.R. § 1601.28(a)(2) and Ohio R.C. § 4112.052(B)(2)(b), Plaintiff has properly exhausted his administrative remedies prior to initiating this action.

## FACTUAL BACKGROUND

12. On or around August 18, 2022, Plaintiff was hired by Defendant as a Property Manager.

13. Plaintiff suffers from Bipolar Disorder, Post-Traumatic Stress Disorder ("PTSD"), and Attention Deficit Hyperactivity Disorder ("ADHD").

14. Plaintiff made his employer aware of his health conditions both in person and in email form and requested reasonable accommodation.

15. Plaintiff's supervisors would make harassing and discriminatory statements to Plaintiff including "This is just you being manic" , "I do not give a fuck about your disability or whatever paper, do your job" and was told to "suck it up."

16. Defendant had no Human Resources Director to manage Plaintiff's requests for reasonable accommodations.

17. Defendant would ignore ADA standards and/or use discriminatory and unlawful discretion when approving or denying requests for reasonable accommodation.

18. Around February or March 2024, Plaintiff became aware that one of his female coworkers, Stephanie Milosic ("Ms. Milosic") was being sexually harassed at work.

19. Around this time, Ms. Milosic confided in Plaintiff about the sexual harassment she was facing at work.

20. As a result, Plaintiff would sit at the front desk with Ms. Milosic in an attempt to divert the sexual harassment she faced from the other coworkers.

21. On or around April 16, 2024, Defendant terminated Ms. Milosic's employment.

22. On April 26, 2024, Plaintiff assisted Ms. Milosic in filing an incident report with the Eastlake Police Department against Defendant for harassment and provided a statement as a witness to this report. See **Exhibit B** for the Eastlake Police Incident/Offense Report.

23. Following Ms. Milosic's termination, Plaintiff was pressured from Defendant to show his loyalty to the company.

24. Defendant reprimanded Plaintiff for supporting Ms. Milosic and regarded her claims of harassment were "unsupported" despite no investigation conducted regarding her reports.

25. Defendant reprimanded Plaintiff by saying that his support of his co-worker made matters worse.

26. Defendant retaliated against Plaintiff and his support of Ms. Milosic by revoking his reasonable request for accommodation to work remotely and required him to come into the office.

27. Defendant terminated Plaintiff's employment on May 10, 2024.

**COUNT ONE—RETALITORY DISCHARGE IN VIOLATION OF TITLE VII**

28. Plaintiff restates and incorporates herein the allegations contained in paragraphs 1 through 27.

29. Plaintiff witnessed the sexual harassment his co-worker, Ms. Milosic was subjected to.

30. Plaintiff assisted in the filing of an incident report to the Eastlake Police Department against Defendant as a witness to the harassment that Ms. Milosic was subjected to.

31. Defendant reprimanded Plaintiff for his actions in support of Ms. Milosic by stating that he "made matters worse."

32. Plaintiff reporting the harassment at his workplace is protected conduct under 28 USC §1331 by Title VII of the Civil Rights Act of 1964.

33. Defendant retaliated against Plaintiff by terminating him following his assistance in filing the Incident Report to local law enforcement and following his ongoing support for Ms Milosic following her termination.

## COUNT TWO—DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

34. Plaintiff restates and incorporates herein the allegations in paragraph 1 through 33.

35. Defendant was aware that Plaintiff was disabled and/or regarded Plaintiff as disabled.

36. Despite his disabling condition, Plaintiff was fully competent and qualified for his position as Property Manager.

37. Plaintiff was treated differently by Defendant than similarly situated, non-disabled employees.

38. Defendant discriminated against Plaintiff on the basis of his disability by failing, refusing, or revoking his requests for reasonable accommodation for his disability and by

failing to engage in an interactive process to identify potential accommodation for his disability.

39. Defendant's discriminatory conduct towards Plaintiff violated the ADA.

40. As a result of Defendant's discrimination against Plaintiff in violation of the ADA, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Plaintiff to injunctive, equitable, and compensatory monetary relief.

41. As a result of Defendant's discrimination against Plaintiff in violation of the ADA, Plaintiff has suffered mental anguish and emotional distress.

**COUNT THREE—RETALITORY DISCHARGE IN VIOLATION OFADA**

42. Plaintiff restates and incorporates herein the allegations set forth in paragraphs 1 through 41.

43. Pursuant to the ADA, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter." 42 U.S.C § 12203(A).

44. Further, the ADA provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed… any right granted or protected by this chapter." 42 U.S.C § 12203(B).

45. Defendant violated the ADA when it retaliated against Plaintiff by arbitrarily removing accommodations for her disability; harassing and her about his need for accommodation;

and expressing open hostility and skepticisms towards Plaintiff about his need for accommodations.

46. Defendant violated the ADA when it took adverse against Plaintiff for utilizing previously granted accommodations for his disability and terminating his employment.

47. Defendant retaliated against Plaintiff by harassing Plaintiff when he made reasonable requests for accommodation, harassing Plaintiff by belittling and undermining his disabilities, unlawfully revoking reasonable accommodations in retaliation, and by ultimately terminating his employment.

48. Defendant's conduct violated 42 U.S.C § 12203(A)&(B).

49. As a result of Defendant's retaliation against Defendant in violation of the ADA, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Plaintiff to injunctive, equitable, and compensatory monetary relief.

50. As a result of Defendant's discrimination against Plaintiff in violation of the ADA, Plaintiff has suffered mental anguish and emotional distress.

### COUNT FOUR: RETALIATION IN VIOLATION OF OHIO R.C. § 4112.02 (1)

51. Plaintiff restates and incorporates here in the allegations in paragraphs 1 through 50.

52. Pursuant to Ohio R.C. § 4112.02(I), it is unlawful "[f]or any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section."

53. Defendant violated Ohio R.C. § 4112.02(I), when it retaliated against Plaintiff for complaining about the discriminatory treatment he was suffering by taking further

adverse actions against him, revoking previously approved requests for reasonable accommodations, and by belittling and ridiculing Plaintiff for his symptoms.

54. Defendant violated the Ohio R.C. § 4112.02(I), when it terminated Plaintiff's employment.

55. As a result of Defendant's retaliation against Plaintiff in violation of the ADA, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling Plaintiff to injunctive, equitable, and compensatory monetary relief.

56. As a result of Defendant's retaliation against Plaintiff in violation of Ohio R.C. § 4112.02(I), Plaintiff has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

57. In its retaliatory actions as alleged above, Defendant acted with malice or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

58. To remedy the violations of the rights of Plaintiff secured by Ohio R.C. § 4112.02(I), Plaintiff requests that the Court award him the relief prayed for below

WHEREFORE, Plaintiff requests the following relief be awarded in her favor and against Defendant:

a. Damages in excess of $25,000, the full amount of which will be proven at trial, to cover all loss and damages to Plaintiff;
b. Punitive damages;
c. Court costs, expenses, and reasonable attorney fees; and
d. For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on any and all issues set forth in this Complaint to the maximum number of jurors permitted by law.

Respectfully submitted,

/s/ Dennis R. Fogarty
DENNIS R. FOGARTY (0055563)
**DAVIS & YOUNG**
35000 Chardon Road
Willoughby Hills, OH 44092
Ph:   (216) 348-1700
Fax: (216) 621-0602
Email: dfogarty@davisyoung.com
*** Attorney for Plaintiff***